IN THE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Ramiro Casillas, on Behalf of Himself and all Others Similarly Situated, § § § | | |
| Plaintiff, § § | | |
| v. § | Case No. 5:20-CV-741-XR | |
| § | | |
| Amerifield, Inc., § § § | | |
| Defendant. § | | |

**JOINT STIPULATION OF DISMISSAL WITH
PREJUDICE PURSUANT TO RULE 41(a)(1)(A)(ii)**

Plaintiff Ramiro Casillas ("Plaintiff" or "Casillas") and Opt-in Plaintiffs Manuel Valdez, Jr., Marco Palomo, and Isola Fadipe (collectively, "Plaintiffs"), and Defendant Amerifield, Inc. ("Defendant" or "Amerifield"), pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, hereby stipulate that the above-captioned action be dismissed with prejudice, with each Party to bear his or its own attorney's fees and costs.

Plaintiffs have reached a Confidential Settlement Agreement with Defendant to resolve all of their claims against Defendant in this lawsuit brought pursuant to the federal Fair Labor Standards Act ("FLSA").

The United States Court of Appeals for the Fifth Circuit has held that judicial approval of a FLSA settlement is not required when the parties are represented by counsel and there is a mutual settlement of a bona fide dispute as to the amount of hours worked as opposed to a waiver of a plaintiff's substantive FLSA rights. *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164-65 (5th Cir. 2015); *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 257 (5th Cir. 2012).

Here, Plaintiffs and Defendant, each represented by counsel, jointly stipulate that they have

reached a mutual resolution of bona fide disputes between Plaintiffs and Defendant relative to the FLSA regarding whether the FLSA is applicable to Plaintiff and the Opt-in Plaintiffs and the amount of services/hours provided by them. Accordingly, Court-approval of the settlement is not required in order to dismiss this lawsuit.

There are no pending motions in this lawsuit as to any Party herein, and the Court has not certified a collective action.

Counsel for all Parties have signed this stipulation below. As such, this stipulation of dismissal with prejudice is appropriate pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, and no Order from the Court dismissing the above-captioned action is necessary in order to effectuate dismissal of this action.

Dated:  January 11, 2021          Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By:     s/Melinda Arbuckle
        Ricardo J. Prieto
        State Bar No. 24062947
        rprieto@eeoc.net
        Melinda Arbuckle
        State Bar No. 24080773
        marbuckle@eeoc.net
        Shellist Lazarz Slobin LLP
        11 Greenway Plaza, Suite 1515
        Houston, TX 77046
        (713) 621-2277 – Telephone
        (713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFFS

LOCKE LORD LLP
By:     */s/ David M. Gregory*
        Evan C. Blankenau
        Texas Bar No. 24092142
        evan.blankenau@lockelord.com

                David M. Gregory (*PHV*)
Texas Bar No. 24007274
dgregory@lockelord.com
Locke Lord LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 223-3717 (Facsimile)

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

On January 11, 2021, I filed the foregoing document with the Clerk of Court for the Western District of Texas using the Court's CM/ECF system, which served all counsel of record with a true and correct copy of this document electronically.

s/Melinda Arbuckle
Melinda Arbuckle

3